UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:21-cv-00159-LLK

**JORDAN L.**                                                                                           **PLAINTIFF**

**v.**

**KILOLO KIJAKAZI, Acting Commissioner of Social Security**                    **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. The fact and law summaries of Plaintiff and the Commissioner are at Doc. 11 and 17. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [Doc. 9].

Because Plaintiff's four arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**The ALJ's decision**

The ALJ found that Plaintiff was not disabled from January 1, 2018, when he alleges that he became disabled, through December 4, 2020, when the ALJ issued his decision. [Administrative Record, Doc. 8 at 22-23].

In support, the ALJ followed the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 1, 2018. *Id.* at 16.

Second, the ALJ found that Plaintiff has the following severe, or vocationally significant, impairment: schizophrenia. *Id.*

1

Third, the ALJ found that Plaintiff's impairments do not satisfy the medical criteria of any impairment listed in Appendix 1 of the regulations. *Id.*

As in any case that advances beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC). The ALJ found that, notwithstanding his schizophrenia, Plaintiff has no exertional limitation and can "understand and remember simple instructions." *Id.* at 18. The ALJ found (acknowledged), however, that Plaintiff's schizophrenia results in the following mental limitations:

> … would require occasional redirection from supervisors or co-workers in order to sustain attention for extended periods of two-hour segments for simple tasks … could tolerate occasional (not more than 1/3 of the time) contact with coworkers, supervisors, and the public … would be limited to a low stress work environment requiring few decisions or judgments to be made in the workplace with regard to simple repetitive tasks, no assembly line work or strictly-enforced daily production quotas; and few changes in a routine work setting.

*Id.*

Fourth, the ALJ found that Plaintiff is unable to perform any past relevant work. *Id.* at 21.

Fifth, the ALJ found that Plaintiff retains the ability to perform a significant number of unskilled jobs in the national economy such as medium laundry worker, medium industrial cleaner, and light sampler. *Id.* at 22.

### The ALJ's finding that the treating LPCA's medical opinion was "less persuasive" comported with applicable legal standards.

On September 30, 2020, Plaintiff's treating counselor / therapist, licensed professional counselor associate (LPCA) Steve Duff, completed the Medical Source Statement of Mental Abilities for Work Activities form. [Doc. 8 at 786-88].

An "LPCA is not an acceptable medical source within the definition set forth by the regulations." *Stanley v. Comm'r of Soc. Sec.*, No. 4:14CV-00080-HBB, 2015 WL 1980237, at \*9 (W.D. Ky. Apr. 30, 2015); *see* list of acceptable medical sources at 20 C.F.R. 220.46(a) and Social Security Ruling (SSR) 06-03p, 2006 WL 2329939. The standards governing consideration of opinions from sources who are not "acceptable medical sources" are set forth in SSR) 06-03p ("Considering opinions and other evidence from sources

2

who are not 'acceptable medical sources' in disability claims"). Those standards do not set a high bar for the Commissioner. An ALJ need only "consider" opinions from non-acceptable medical sources in light of the factors that apply to weighing opinions from acceptable medical sources. *Id.* Those factors include:

- The examining relationship between the individual and the "acceptable medical source";

- The treatment relationship between the individual and a treating source, including its length, nature, and extent as well as frequency of examination;

- The degree to which the "acceptable medical source" presents an explanation and relevant evidence to support an opinion, particularly medical signs and laboratory findings;

- How consistent the medical opinion is with the record as a whole;

- Whether the opinion is from an "acceptable medical source" who is a specialist and is about medical issues related to his or her area of specialty;

*Id.* at *3. However, "there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision." *Id.* at *6. Generally, it is sufficient if the ALJ's articulation allows the "claimant or subsequent reviewer to follow the adjudicator's reasoning." *Id.*

In this case, the ALJ summarized the LPCA's opinion and reasoned that it was "less persuasive" because:

> The claimant's licensed counselor, Steven Duff, completed a medical source statement in September 2020 and opined that the claimant has a marked limitation in the areas of understanding, remembering, or applying information; interacting with others; and concentrating, persisting, or maintaining pace. In the area of adapting or managing oneself, he opined that the claimant has an extreme limitation. Although the claimant has reported occasional hallucinations when his stress level is increased, the overall record shows that medication helps his symptoms and that his stress and anxiety are generally at a manageable level. Counseling notes from a session earlier the same month (September 2020) indicated that the claimant was cooperative with an euthymic mood, congruent affect, organized thought process, good insight, good judgment, and with no disturbances. Therefore, the evidence does not support marked or extreme limitations in any of the four areas of mental functioning. Accordingly, this opinion is less persuasive. (Exhibit 13F).

[Doc. 8 at 20]. The ALJ's finding that the treating LPCA's medical opinion was "less persuasive" comported with applicable legal standards.

**Plaintiff's four arguments are unpersuasive.**

First, Plaintiff argues that the ALJ erred in not recognizing that (in addition to schizophrenia) he suffers from severe, or vocationally significant, generalized anxiety disorder. [Doc. 11 at PageID.859-60].

Plaintiff's argument is unpersuasive for two reasons. First, Plaintiff has not alleged or shown that the significant limitations acknowledged by the ALJ due to schizophrenia did not accommodate his limitations due to generalized anxiety disorder. Second, while the ALJ did not list generalized anxiety disorder among Plaintiff's severe impairments, in determining Plaintiff's RFC, the ALJ found that, "[i]n consideration of [Plaintiff's] diagnosis and occasional symptoms of anxiety and hallucinations, he is limited to simple, routine work consistent with the residual functional capacity" finding. [Doc. 8 at 20]. Like Plaintiff, the plaintiff in *Maziarz v. Secretary* alleged that the ALJ erred in not listing a certain impairment among his severe impairments. *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240 (6th Cir. 1987). In *Maziarz* and in the present case, the ALJs "continued with the remaining steps in his disability determination." *Id.* at 244. "Since the [ALJ] properly could consider claimant's [allegedly severe impairment] in determining whether claimant retained sufficient residual functional capacity to allow him to perform substantial gainful activity, ... [any] failure to find that claimant's [impairment] constituted a severe impairment could not constitute reversible error." *Id.*

Second, Plaintiff argues that, in light of the LPCA's opinion and his testimony at the administrative hearing, the ALJ's finding that his schizophrenia does not satisfy Listing 12.03 is not supported by substantial evidence. [Doc. 11 at PageID.860-64].

In the present case, to be disabling, Plaintiff's schizophrenia would have to satisfy Listing 12.03(B), which requires:

> B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F):

       1. Understand, remember, or apply information (see 12.00E1).

       2. Interact with others (see 12.00E2).

       3. Concentrate, persist, or maintain pace (see 12.00E3).

       4. Adapt or manage oneself (see 12.00E4).

Listing 12.03(B). The ALJ found that Plaintiff has "moderate" limitation in all four areas of mental functioning. [Doc. 8 at 17]. According to Plaintiff, "the evidence supports [that he] has at least two marked limitations or one extreme limitation." [Doc. 11 at PageID.864].

    The argument is unpersuasive for four reasons. First, the issue on judicial review is not whether substantial evidence would have supported a finding of two marked limitations or one extreme limitation. A reviewing court must defer to the limitations found by the ALJ if supported by substantial evidence, even if the record would have supported a finding of greater limitation. *Lindsley v. Comm'r*, 560 F.3d 601, 604-05 (6th Cir. 2009). In this case, the limitations found by the ALJ are supported by substantial evidence. Second, for the reasons discussed above, the ALJ's finding that the treating LPCA's medical opinion was "less persuasive" comported with applicable legal standards. Third, as an "other source," information from an LPCA "cannot establish the existence of a medically determinable impairment." Social Security Ruling (SSR) 06-03p, 2006 WL 2329939, at *2. Much less can information from an LPCA satisfy the medical criteria of Listing 12.03. Fourth, in evaluating Plaintiff's testimony, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [alleged] … symptoms are not entirely consistent with the medical evidence and other evidence in the record." [Doc. 8 at 19]. The ALJ was not required to fully credit Plaintiff's testimony. *See Jones v. Comm'r*, 336 F.3d 469, 476 (6th Cir. 2003) ("[A]n ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability.").

    Plaintiff further argues that the ALJ erred in relying on his playing video games and reading as evidencing only moderate inabilities to understand, remember, or apply information and to concentrate,

persist, or maintain pace. [Doc. 11 at PageID.860 referencing Doc. 8 at 17]. According to Plaintiff, "[i]t is not persuasive that [his] ability to play a calming video game in the safety and comfort of his own home is indicative of [such abilities] … in a work setting." *Id.* at 861. Any error was harmless because the ALJ's finding that Plaintiff's schizophrenia does not satisfy Listing 12.03 was not based primarily on Plaintiff's ability to play video games and read.

Third, Plaintiff argues that, in light of the LPCA's opinion and Plaintiff's testimony, the ALJ's RFC determination is not supported by substantial evidence. [Doc. 11 at PageID.864-66].

The argument is unpersuasive for two reasons. First, for the reasons discussed above, the ALJ's finding that the treating LPCA's medical opinion was "less persuasive" comported with applicable legal standards. Second, while information from "other sources," including LPCAs, may be "based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function," SSR 06-03p, 2006 WL 2329939, at *2, the ALJ bore the responsibility for determining Plaintiff's RFC based on the medical and non-medical evidence as a whole. *See* 20 C.F.R. § 404.1546(c), Social Security Ruling (SSR) 96-8p, 1996 WL 374184, *7. A reviewing court must defer to the ALJ's RFC determination if supported by substantial evidence, even if the record would have supported a finding of greater limitation. *Lindsley v. Comm'r*, 560 F.3d 601, 604-05 (6th Cir. 2009). In this case, the ALJ's RFC determination was supported by substantial evidence.

Fourth, Plaintiff argues that "the ALJ failed to properly take into account how stress affects [his] mental functioning." [Doc. 11 at PageID.848].

The ALJ acknowledged significant limitations due to Plaintiff's relative inability to handle stress. Specifically, the ALJ acknowledged that Plaintiff "alleges auditory and visual hallucinations, especially when he is stressed … [and] states that he gets overwhelmed and stressed easily and that the resulting hallucinations are distracting and distressing." [Doc. 8 at 18]. The ALJ found that Plaintiff's allegations were persuasive to the extent that Plaintiff "would be limited to a low stress work environment requiring

few decisions or judgments to be made in the workplace with regard to simple repetitive tasks, no assembly line work or strictly-enforced daily production quotas; and few changes in a routine work setting." *Id.* The ALJ further found that, "[a]lthough the claimant has reported occasional hallucinations when his stress level is increased, the overall record shows that medication helps his symptoms and that his stress and anxiety are generally at a manageable level." [Doc. 8 at 20]. Contrary to Plaintiff's repeated suggestions [Doc. 11 at PageID.846, 858, 864], the ALJ was not required to find that Plaintiff is incapable of handling "any" or even the "slightest" stress.

## Order

Because Plaintiff's four arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court hereby AFFIRMS the Commissioner's final decision and DISMISSES Plaintiff's complaint.

June 30, 2022

Lanny King, Magistrate Judge
United States District Court